AF Approval _KL for JAM_                           Chief Approval _CFM_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:23-cr-25-VMC-AEP

CALEB HUNTER FREESTONE
a/k/a "Kya"

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, Caleb Hunter Freestone a/k/a "Kya", and the attorney for the defendant, Michael Maddux, Esq., mutually agree as follows:

**A.    Particularized Terms**

1.    Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One of the Superseding Indictment.  Count One charges the defendant with Conspiracy Against Rights, in violation of 18 U.S.C. § 241.

2.    Maximum Penalties

Count One carries a maximum sentence of not more than 10 years imprisonment, a fine of not more than $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100 per felony count.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the

Defendant's Initials 

defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.    <u>Elements of the Offense(s)</u>

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

<u>First</u>:     A conspiracy – that is, two or more persons in some way agreed to try to accomplish a shared and unlawful plan – existed;

<u>Second</u>:     The object of the conspiracy was to "injure, oppress, threaten or intimidate" persons in the free exercise or enjoyment of a right protected by the Constitution or laws of the United States; and

<u>Third</u>:     The defendant intentionally joined the conspiracy, knowing of its purpose.

4.    <u>Counts Dismissed</u>

At the time of sentencing, the remaining count(s) against the defendant, Counts Two and Three of the Superseding Indictment, along with the original Indictment, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

Defendant's Initials _CHF_                    2

5.      <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.      <u>Mandatory Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make full restitution to Life Choice Pregnancy Center, Respect Life Pregnancy Help Center and Pregnancy Help Medical Clinic.

7.      <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

Defendant's Initials _____                3

8.    <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

**B.**   **Standard Terms and Conditions**

1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special assessment is due on the date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

2.   Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from

Defendant's Initials               5

imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

     3.   <u>Immigration Consequences of Pleading Guilty</u>

     The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

     4.   <u>Sentencing Information</u>

     The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

     5.   <u>Financial Disclosures</u>

     Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that her financial statement and disclosures will be complete, accurate and truthful and will include all assets in

Defendant's Initials <u>*C H F*</u>       6

which she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.  The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

      6.   <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court,

Defendant's Initials <u>  CHF  </u>     7

with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Defendant's Initials             8

8.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that

Defendant's Initials _CHF_                        9

defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

    11.   <u>Factual Basis</u>

        Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth in the "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

**<u>FACTUAL BASIS</u>**

        From at least May 2022 through on or about July 3, 2022, the

Defendant's Initials _CHF_        10

defendant, along with co-conspirators Amber Marie Smith-Stewart, Annarella Rivera, Gabriella Victoria Oropesa (collectively, the defendants), and other unidentified co-conspirators, agreed to injure, oppress, threaten, or intimidate employees of reproductive health services facilities in the free exercise of the right to provide and seek to provide reproductive health services.  Specifically, following the leak of the Supreme Court's draft opinion in Dobbs v. Jackson Women's Health, which overturned constitutional protections for abortion care, the defendants aligned themselves with a pro-choice extremist network known as "Jane's Revenge."  Jane's Revenge described itself in online communications as "not one group, but many" that was located "all over the U.S."  Jane's Revenge called for "autonomously organized self-defense networks" or "cells" to target pro-life pregnancy help centers with messages threatening that "if abortion isn't safe, you aren't either."

Between May 28 and July 3, 2022, the defendants agreed to vandalize pro-life pregnancy centers in Florida, including in the Middle District of Florida, with the threatening messages called for by Jane's Revenge.  For these coordinated attacks, the defendants specifically targeted reproductive health services facilities that provided and counseled alternatives to abortion.

On May 28, 2022, the defendants, along with unidentified co-conspirators, vandalized the Respect Life Pregnancy Help Center (RLPHC) in Hollywood, Florida.  RLPHC is an affiliate of the Archdiocese of Miami Ministry, and is a reproductive health services facility that offers "life-affirming services to

Defendant's Initials _CHF_                11

abortion-vulnerable families," according to its website.  Before the attack, co-conspirators Smith-Stewart and Rivera exchanged text messages about the plan, including Smith-Stewart texting Rivera, "Caleb [Freestone] is gonna be coming over on Saturday [. . .] Gonna see if gabby [Oropesa] wants to come over too."  Rivera responded, "I'm there on Sat."  The referenced "Saturday" was May 28, 2022, the date of the RLPHC vandalism.  On the evening of the attack, some of the co-conspirators gathered at defendant Oropesa's residence, and traveled together to carry out the vandalism.  All of the defendants participated in the attack, under cloak of darkness and while obscuring their identities with masks, hats, and gloves.  The defendants spray-painted threatening messages including "If abortions aren't SAFE Then niether [sic] are you" as well as the Anarchist-A symbol and "JANES REVENGE."

On June 26, 2022, two days after the Dobbs decision was officially published, overturning Roe v. Wade, defendants Freestone, Smith-Stewart, and Rivera, and other unidentified co-conspirators, vandalized the Life Choice Pregnancy Center (LCPC) in Winter Haven, Florida, within the Middle District of Florida.  LCPC is a non-profit reproductive health services facility that offers free "life-affirming" pregnancy support services, according to its website.  Before the attack, co-conspirators Rivera and Smith-Stewart exchanged text messages about obtaining supplies for the vandalism, with defendant Rivera stating "gonna go to Home Depot b4 it closes and we're on our way" and defendant Smith-Stewart responding, "I got a can of red spray."  Shortly after midnight on June 26, 2022,

Defendant's Initials   C H F                   12

again under cloak of darkness and while obscuring their identities, defendants Freestone, Smith-Stewart, and Rivera, and other unidentified co-conspirators spray painted threatening messages including "WE'RE COMING FOR U," as well as "We are everywhere," the Anarchist-A symbol, "ABORTIONS 4 ALL" and "JANES REVENGE."  Defendant Rivera used her phone to capture a video of the vandalized clinic as the co-conspirators drove away.

On July 3, 2022, defendants Freestone and Oropesa, along with unidentified co-conspirators, vandalized the Pregnancy Help Medical Clinic (PHMC) in Hialeah, Florida.  PHMC is a pro-life reproductive health services facility that offers free pregnancy healthcare and counsels against abortions.  During the early morning hours of July 3, 2022, again under cloak of darkness and with their identities obscured, the defendants spray painted threatening messages including "If abortions aren't safe the [sic] neither are you."

Defendants Smith-Stewart and Freestone were arrested on January 23, 2023, and their cell phones were lawfully seized.  Shortly after, defendant Smith-Stewart informed defendant Rivera that the group's phone chats were "compromised."  Defendant Rivera quickly contacted certain contacts, asking that they remove defendants Freestone and Smith-Stewart from chat groups.  Defendant Rivera further advised at least one contact of Smith-Stewart's new "secure phone" number following the FBI's seizure of Smith-Stewart's device.  That contact confirmed that "all chats involved nuked and replaced."

The above is merely a brief summary of the events, some of the persons

Defendant's Initials _CHF_                13

involved, and other information relating to this case.  It does not include, nor is it intended to include, all of the events, persons involved, or other information relating to this case.

      12.   <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials       14

13.   <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement

has been read in its entirety by (or has been read to) the defendant and that defendant

fully understands its terms.

DATED this ___24___ day of ___May___, 2024.

ROGER B. HANDBERG
United States Attorney

_____
Caleb Hunter Freestone
Defendant

_____
Stacie B. Harris
Assistant United States Attorney
Chief, Special Victims Section

_____
Michael Maddux, Esq.
Attorney for Defendant

_____   for
Christopher F. Murray
Assistant United States Attorney
Chief, Criminal Division South

_____
Laura-Kate Bernstein
Trial Attorney
Civil Rights Division

Defendant's Initials __CHF__          15