UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO.   8:23-cr-25-VMC-AEP

CALEB HUNTER FREESTONE
ET AL.

**UNITED STATES' COMBINED RESPONSE IN OPPOSITION TO DEFENDANT GABRIELA OROPESA'S RENEWED MOTION TO DISMISS COUNT ONE OF THE SUPERSEDING INDICTMENT AND MOTION FOR ORAL ARGUMENT**

The United States of America responds in opposition to Defendant Gabriela Oropesa's untimely Renewed Motion to Dismiss Count One of the Superseding Indictment, in which defendant again argues that Count One fails to state an offense. Defendant cites to two recent decisions while rehashing an old argument, claiming that the felony conspiracy count with which defendant has been charged is improper because the underlying conduct, absent the conspiracy, is only a misdemeanor. This Court along with the other district courts that have considered this issue have rejected this argument and the two new cases the defendant cites add nothing to the analysis.

Accordingly, the Court should deny the defendant's Renewed Motion to Dismiss Count One without oral argument.

## I.    The Defendant's Motion Is Untimely.

The defendant filed the present Motion to Dismiss more than one year past the Court's deadline for pretrial motions challenging the sufficiency of the Indictment. (Doc. 74 at 5). A district court may only entertain an untimely motion "if the party shows good cause." Fed. R. Crim. P. 12(c)(3). The defendant claims that the Court should consider the motion because it is "based on the authority of two recent Supreme Court Opinions" -- *Fischer v. United States*, 144 S. Ct. 2176 (2024) and *Snyder v. United States*, 144 S. Ct. 1947 (2024). (Doc. 238 at 2).

Although defendant cites recent decisions, their argument does not actually rely on those decisions. *Fischer* and *Snyder* are cases involving the interpretation of entirely different statutes. In *Fischer*, the Supreme Court analyzed the residual clause of 18 U.S.C. § 1512 and determined that, to sustain a conviction under that charge, the government must establish that a defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in an official proceeding. In *Snyder*, the Supreme Court analyzed whether the federal law criminalizing bribery also criminalizes gratuities to public officials and determined *that* federal law does not make it a crime for public officials to accept gratuities for their past acts. Neither case presented an issue related to the conspiracy charge the defendant is currently charged with. The defendant has failed to show how either decision would in any way impact the sufficiency of Count One of the

2

Indictment in this case. Rather, the defendant cites *Fischer* and *Snyder* while repeating an argument that has already been made and rejected.

Because the defendant has not identified any new *applicable* law, this Court should deny his motion as untimely.

## II.    The Defendant's Argument Fails on the Merits.

On the merits, the defendant's argument is a replay of the defendant's already-rejected complaint they are being charged with felony conspiracy through Section 241 when the FACE Act itself only provides misdemeanor penalties. *See, e.g.*, Doc. 102 at 10, 12-13; Doc. 118 at 6. The defendant's citations to *Fischer* and *Snyder* add nothing new to this argument and do not require this Court to set aside its own determination that it is "unpersuaded by Oropesa's complaint that she is being charged with felony conspiracy through Section 241 when the FACE Act itself only provides misdemeanor criminal penalties," Doc. 144 at 16-17, or to ignore that the Supreme Court has "long and consistently recognized . . . that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses." *Pinkerton v. United States*, 328 U.S. 640, 643 (1946); *see also id.* at 643 (recognizing "[t]he power of Congress to separate" substantive and conspiracy offenses and "affix to each a different penalty"); *United States v. Felix*, 503 U.S. 378, 389-392 (1992) (reiterating and applying "the rule that a substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes"); *United States v. Myers*, 854 F.3d 341, 355 (6th Cir. 2017) (citing *Pinkerton*, 328 U.S. at 643);

*see also United States v. Gallagher*, 680 F. Supp. 3d 886, 905 (M.D. Tenn. 2023) (explaining that "a § 241 conspiracy charge based on a conspiracy to violate FACE Act rights is not the same thing as a charge under the FACE Act"); *cf. United States v. Handy*, 2023 WL 4744057, *3 (D.D.C. 2023) (concluding that by its "plain meaning," "the FACE Act is, indeed, a sufficient predicate for [a separate] section 241 [offense]").

### a. *Fischer* does not provide any applicable legal principles.

In *Fischer*, the Supreme Court interpreted the residual clause of 18 U.S.C. § 1512(c)(2), a statute prohibiting the obstruction of official proceedings, which provides that a person who corruptly "otherwise obstructs" an official proceeding commits a federal crime. *Fischer*, 144 S. Ct. at 2183. In resolving the meaning of the residual clause, the Supreme Court relied on longstanding principles: Latinate statutory canons (*noscitur a sociis* and *ejusdem generis*); the specific context of subsection (c)(2) within 18 U.S.C. § 1512(c); and the broader context of section 1512 as a whole. *Id.* at 2183–84.

The defendant cherry-picks lines from the statutory interpretation principles in *Fischer* to support their non-statutory-interpretation arguments. The defendant has identified no problems of statutory interpretation that would warrant consideration of the legislative history of the FACE Act.[1] *See, e.g.*, *Handy*, 2023 WL 4744057, at * 3

---

[1] To the contrary, the defendant cites authority that determined "clear and longstanding principles of statutory interpretation nevertheless compel the conclusion that the FACE Act is, indeed, a sufficient

4

(cautioning that "[o]nly in the face of ambiguity may the Court employ additional canons of construction [such as] legislative history" and concluding that § 241 was not ambiguous because "its meaning is clear"). In other words, the Supreme Court's analysis of legislative history to interpret the ambiguous residual clause of an obstruction statute has nothing to do with how this Court should analyze the FACE Act's "clear statutory text," *id.*, to determine whether the right it secures is the proper basis of a civil rights conspiracy.

### b. *Snyder* does not provide any applicable legal principles.

The defendant's citations to *Snyder* are equally unavailing. In that case, the Supreme Court concluded that 18 U.S.C. § 666 criminalizes bribery but not gratuities, in part because Congress separated bribery and gratuities into two distinct provisions with distinct punishments. 144 S. Ct. at 1948. That different crimes have different punishments does not compel the defendant's desired conclusion that the FACE Act is not a sufficient predicate for a Section 241 conspiracy but, rather, merely reflects the fact that "crimes receive different punishments that 'reflect their relative seriousness.'" *Id.* (citing *Sun-Diamond*, 526 U. S. 398, 405 (1999)). Although the defendant repeatedly complains that the penalties provided in § 241 are too harsh, those complaints are not based in law and provide no justification for dismissing Count One of the Indictment.

---

predicate for Section 241." Doc. 238 at 4-5 (citing *United States v. Handy*, Criminal Action 22-096 (D.D.C. 2022)).

The Supreme Court's longstanding conspiracy jurisprudence further compels the conclusion that the FACE Act is a sufficient predicate for a § 241 conspiracy. The Supreme Court has considered the issue of whether it is improper for a conspiracy to carry a greater sentence than the substantive offense and determined that this decision is solely within the discretion of the legislative body. *See Callanan v. United States*, 364 U.S. 587, 593 (1961). ("The distinctiveness between a substantive offense and a conspiracy to commit [it] is a postulate of our law."); *see also Clune v. United States*, 159 U.S. 590, 595 (1895) ("A conspiracy to commit an offense is denounced as itself a separate offense, and the punishment therefore fixed by the statute, and we know of no lack of power in congress to thus deal with a conspiracy. Whatever may be thought of the wisdom or propriety of a statute making a conspiracy to do an act punishable more severely than the doing of the act itself, it is a matter to be considered solely by the legislative body."). This is unsurprising given that "collective criminal agreement—partnership in crime—presents a greater potential threat to the public than individual delicts." *Callanan*, 364 U.S. at 593.

This same reasoning has been applied to civil rights conspiracies. At least one court has specifically held that civil rights conspiracies, under § 241, are not limited by the sentences available for the underlying conduct. In *United States v. Hayward*, the Northern District of Illinois considered the argument that § 241 is unconstitutional as applied where it provides a felony conviction for conduct that constitutes a misdemeanor under the statute conferring the relevant federal right. 764 F. Supp.

6

1305, 1308 (N.D. Ill. 1991). The court easily determined that the argument was flawed:

> If defendants were attacking a charge under 18 U.S.C. § 371, they would be correct in asserting that the sentence for a conspiracy to commit a misdemeanor could not exceed the maximum sentence of the underlying misdemeanor offense. But, a conspiracy under 18 U.S.C. § 241 is a different story. 18 U.S.C. § 241 stands as a felony in its own right. Unlike § 371, § 241 is not dependent on a substantive offense to establish the parameters of the conspiracy. Rather, the offense is explicitly set out in the statute. A Conspiracy Against Rights prohibits a conspiracy or agreement to injure, oppress, threaten or intimidate any person in any State in the free exercise or enjoyment of rights secured by the Constitution or federal laws. As pointed out by Judge Posner in *United States v. D'Antoni*, 874 F.2d 1214, 1221 (7th Cir.1989), 18 U.S.C. § 241 is a 'special conspiracy statute with suitably severe penalties.' *Id.*

"In sum, the danger which a conspiracy generates is not confined to the substantive offense which is the immediate aim of the enterprise." *Callanan*, 364 U.S. at 594; *see also Clune*, 159 U.S. at 595 ("The power exists to separate the conspiracy from the act itself, and to affix distinct and independent penalties to each."). The defendant has presented no law, new or otherwise, calling into question this longstanding, well-settled law.[2]

## III.   Conclusion

The defendant has failed to identify any defect in Count One of the Superseding Indictment.  For the reasons explained above, the United States

---

[2] This includes the defendant's reference to the existence of 18 U.S.C. § 371 as evidence that "if a substantive offense is a misdemeanor, a conspiracy to commit that offense must be a misdemeanor, too." Doc. 238 at 20. As explained in the United States' Response in Opposition to Defendant's Motion to Dismiss Count One of the Superseding Indictment, conspiracies under Section 241 are fundamentally different than conspiracies under Section 371. Doc. 108 at 12.

respectfully asks the Court to deny the defendant's Renewed Motion to Dismiss

Count One of the Superseding Indictment without oral argument.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:    */s/ Courtney Derry*
Courtney Derry
Assistant United States Attorney
Florida Bar No. 41125
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Courtney.Derry@usdoj.gov

*/s/ Daniel Grunert*
Daniel Grunert
Trial Attorney
DC Bar Number 1721133
950 Pennsylvania Ave. NW
Washington, DC 20530
Telephone: (202) 532-3805
Facsimile: (202) 514-8336
Email: Daniel.Grunert@usdoj.gov

**U.S. v. Freestone et al.**                    **Case No. 8:23-cr-25-VMC-AEP**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 14, 2024, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Matthew Farmer, Esq.
Attorney for Defendant Oropesa

ROGER B. HANDBERG
United States Attorney

By:     */s/ Courtney Derry*_____
Courtney Derry
Assistant United States Attorney
Florida Bar No. 41125
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:    (813) 274-6000
Facsimile:    (813) 274-6358
E-mail:  Courtney.Derry@usdoj.gov

*/s/ Daniel Grunert*
Daniel Grunert
Trial Attorney
DC Bar Number 1721133
950 Pennsylvania Ave. NW
Washington, DC 20530
Telephone: (202) 532-3805
Facsimile: (202) 514-8336
Email: Daniel.Grunert@usdoj.gov