IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  CASE NO.: 8:23-cr-25-VMC-AEP-4

CALEB HUNTER FREESTONE,
AMBER MARIE SMITH-STEWART,
ANARELLA RIVERA, and
GABRIELLA VICTORIA OROPESA,

    Defendants.

_____/

## DEFENDANT GABRIELLA OROPESA'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL AND, IN THE ALTERNATIVE, <u>MOTION FOR NEW TRIAL</u>

Defendant, Gabriella Oropesa, through her undersigned counsel, hereby moves pursuant to Fed. R. Crim. P. 29(c) to set aside the jury verdict and enter a judgment of acquittal on the count of conviction, Count One. Alternatively, she moves for a new trial pursuant to Fed. R. Crim. P. 33(a).

At the close of the government's case, Oropesa moved for judgment of acquittal pursuant to Rule 29(a). (Doc. # 330). As contemplated by Rule 29(b), this Court reserved ruling, and ordered further briefing. (Doc. # 339). Rule 29 is silent as to the effect, if any, of a reserved ruling on the

post-verdict time limitations applicable to Rule 29(c) and Rule 33(a) motions, so this motion is timely filed within the 14-day period that applies to both motions.

MEMORANDUM OF LAW

Defendant renews her arguments, previously made in pretrial motions to dismiss and at the close of the government's case, that no reasonable jury could find that the government proved the elements of the charged offense beyond a reasonable doubt, as the FACE Act, 18 U.S.C. § 248, is not among the federal laws enforceable pursuant to the Conspiracy Against Rights statute, 18 U.S.C. § 241. She also renews her previous arguments that 18 U.S.C. § 241 requires proof of the element of state action. She renews her argument that *Fischer v. United States,* 603 U.S. __, 144 S. Ct. 2176 (2024), and *Snyder v. United States,* 603 U.S. __, 144 S. Ct. 1947 (2024), prevent the government from charging a "coverall" statute like Section 241, which carries a penalty of up to 10 years in prison, to criminalize conduct that is specifically covered by a statute, Section 248, the violation of which may be punished only as a misdemeanor.  (Although Section 248 does not itself address a conspiracy, the general conspiracy statute, 18 U.S.C. 371, provides only misdemeanor penalties.) Finally, Oropesa argues that the evidence is insufficient to allow a reasonable jury to find that she

knowingly and willingly conspired to violate rights of persons protected by the FACE Act.

 Pursuant to Fed. R. Crim. P. 29(d)(1), Oropesa also requests that, should judgment of acquittal be entered, this Court conditionally grant a new trial on Count One in the event its judgment of acquittal is reversed on an appeal by the government.

Alternatively, Oropesa moves for a new trial on Count One under Fed. R. Crim. P. 33(a) because the jury's verdict was contrary to the great weight of the evidence. Thus, she contends that she is entitled to either a judgment of acquittal or to a new trial based on the insufficiency of the evidence under the standards of Rule 29(c) and Rule 33(a), respectively.

On Rule 29 motions contending insufficiency of the evidence, the evidence is examined in the light most favorable to the prevailing party, the government. *United States v. Thomas*, 8 F.3d 1552, 1556 (11th Cir. 1993). As the *Thomas* court explained,

> "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. A jury is free to choose among reasonable constructions of the evidence." *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc), *aff'd on other grounds*, 462 U.S. 356. The reversal of a conviction

for insufficient evidence is warranted only if no reasonable jury could find proof of guilt beyond a reasonable doubt. *United States v. Jones*, 913 F.2d 1552, 1557 (11th Cir. 1990). Nevertheless, there must be sufficient evidence to support all necessary elements of the crime.

*Id.*

In contrast to the Rule 29 standard for motions asserting insufficiency of the evidence, the standard is relaxed for motions for new trial brought under Fed. R. Crim. P. 33. In *United States v. Martinez,* 763 F.2d 1297 (11th Cir. 1985), the Eleventh Circuit assessed the proper standard for Rule 33 new trial motions grounded on claims that the jury's verdict is contrary to the great weight of the evidence. *Id.* at 1312. In so doing, the *Martinez* court addressed the relationship between Rule 29 and Rule 33:

> Initially, we note that a motion for new trial made on the ground that the verdict is contrary to the weight of the evidence raises issues very different from a motion for judgment of acquittal notwithstanding the verdict, which is based on the sufficiency of the evidence. On a motion for judgment of acquittal, the court must view the evidence in the light most favorable to the verdict, and, under that light, determine whether the evidence is sufficient to support the verdict. Thus, on this motion, the court assumes the truth of the evidence offered by the prosecution. On a motion for a new trial based on the weight of the evidence the court need not view the evidence in

> the light most favorable to the verdict. It may weigh the evidence and consider the credibility of the witnesses. If the court concludes that, "despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury."

*Id., quoting United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980) (other citations omitted) (emphasis added).

Before trial, Oropesa unsuccessfully moved under Fed. R. Evidence 401 and 403 to exclude evidence (and any legal argument made to the jury based on such evidence), in the form of government's Composite Exhibit 32(A)-(D). This exhibit is comprised of anonymous postings purportedly from an individual or individuals claiming to be associated with "Jane's Revenge." These communications were neither produced nor adopted by Ms. Oropesa or by any of the conspirators with whom she is alleged to have conspired. These communications did not act to advance the charged conspiracy. Accordingly, these communications are not relevant under Rule 401. Moreover, assuming they have any probative value, that negligible value is far outweighed by the danger of unfair prejudice under Rule 403. The anonymous internet postings refer to violent acts including

arson and the use of incendiary devices, including Molotov cocktails. The physical acts alleged to be involved in the charged conspiracy, at their most extreme, are the application of spray paint on three occasions to the outside walls of unoccupied buildings, after work hours, for the purpose of communicating threats to persons employed there. There is no evidence that the charged conspiracy included acts of violence, physical obstruction of employees or clients, personal harassment of employees or clients, destruction of property other than the application of spray paint, or the use of weapons, including incendiary devices. Linking Oropesa, through a communication of unknown provenience, with criminal conduct of a markedly aggravated nature, prejudiced her by unfairly appealing to the jury's natural fears and passions. Accordingly, in the alternative, she moves for a new trial.

WHEREFORE, for the reasons described above, Gabriella Oropesa renews her motion for judgment of acquittal and, in the alternative, moves for a new trial.

Respectfully submitted,

FARMER & FITZGERALD, P.A.

/s/ *Matthew Farmer*
Matthew P. Farmer, Esq.
Fla. Bar No. 0793469

800 W. De Leon St.
Tampa, FL  33606
(813) 228-0095
FAX (813) 224-0269
MattFarmer1@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 2nd day of January, 2025:

AUSA Laura-Kate Bernstein
Laura-Kate.Bernstein@usdoj.gov

AUSA Courtney Derry
Courtney.Derry@usdoj.gov

/s/ Matthew Farmer
COUNSEL