IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                     CASE NO. 8:23-cr-25-VMC-AEP-4

CALEB HUNTER FREESTONE,
AMBER MARIE SMITH-STEWART,
ANARELLA RIVERA, and
GABRIELLA VICTORIA OROPESA,

    Defendants.
_____/

**DEFENDANT OROPESA'S SENTENCING MEMORANDUM**

Defendant, Gabriella Oropesa, through her undersigned counsel, hereby provides her Sentencing Memorandum in advance of her sentencing on March 13, 2025, at 1:30 p.m.

MEMORANDUM OF LAW

I. *Objections to Presentence Report*

Oropesa has three unresolved objections to the final Presentence Report of March 6, 2025. Doc. 355 at 19-22 (Addendum: Objections by the Defendant). Adopting the Addendum's numbering, she withdraws her first objection, that is, to the inclusion of her codefendants' obstruction in her Presentence Report although that conduct is not considered in her

Guidelines calculation. *Id*. at 19-20. She also withdraws her second objection, to the bifurcation of the only count of conviction, a civil rights conspiracy under 18 U.S.C. § 241, into two "pseudo-counts." *Id.* at 20-21.

Oropesa, however, persists in her third objection, to the basis for the denial in ¶ 38 of a two-level reduction as a zero-point offender under USSG § 4C1.1. In its final form, ¶ 38 concludes that, although she has zero criminal history points, Oropesa does not qualify for the two-level reduction because she "used credible threats of violence." This disqualifying factor is found in USSG § 4C1.1(a)(3). The Addendum identifies three messages during the May 28, 2022 vandalism in Hollywood: "If abortions aren't SAFE then neither (sic) are you," the anarchist "A" symbol, and "JANE'S REVENGE," and the first of these messages repeated in Hialeah on July 3, 2022. Doc. 355 at 21 (Addendum: Objections by the Defendant). Oropesa concedes that, to the extent the "If abortions aren't safe then neither are you" message is directed at employees, it could constitute a credible threat of violence. At trial, however, Oropesa demonstrated that this message also appeared – very likely written in the same hand – on a wall of the Winter Haven facility, the incident at which Oropesa was not present. Thus, because she did not

2

personally spray-paint this threat on either date, this exclusion does not apply.

Accordingly, Oropesa should not be disqualified under USSG § 4C1.1(a)(3). However, she concedes that she does not qualify for the zero-point offender two-point reduction under USSG § 4C1.1(a)(8), which excludes convictions, like this one, that are subject to the USSG § 2H1.1 guideline.

II. *Motion for Variance*

Under the 18 U.S.C. § 3553 factors, Oropesa moves for a downward variance from the bottom of her advisory Guidelines sentence. With the caveat that the inclusion of such factors in the Presentence Report does not necessarily constitute a recommendation for a downward variance, the Report identifies Oropesa's mental and emotional health issues as an appropriate basis for a departure. She agrees.

In addition, although Oropesa does not qualify for the corresponding reduction under the Guidelines, she is in fact a zero-point offender. Other than the instant case, she has no contact with the criminal justice system, leading a law-abiding, community-minded life. Several of the letters offered in her support describe her compassion for homeless citizens and concern for the welfare of the community. Within her family,

she has served as a "second mom" for her autistic younger brother. (They are both in their mid-20's and live with their parents.) Oropesa's academic pursuits also reflect her compassion. She earned a bachelor's degree from the University of Central Florida in the field of communications disorders.

III. *Motion for Release Pending Appeal by the Defendant*

Oropesa moves for release pending appeal pursuant to 18 U.S.C. § 3143(b)(1), which provides in pertinent part that,

> (b)(1)....[T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds –
>
>     (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if release under section 3142(b) or (c) of this title; and
>
>     (B) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in –
>
>         (i) reversal....
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title....

18 U.S.C. § 3143(b)(1).

The Eleventh Circuit addressed this statute in *United States v. Giancola,* 754 F. 2d 898 (11th Cir. 1985). The *Giancola* court reversed the district court's order denying a motion for release pending appeal. *Id.* at 899. The district court applied a stringent standard, requiring the defendant to demonstrate that the district court's rulings were likely to be reversed on appeal. *Id.* at 899-900. Instead, the Eleventh Circuit established a more lenient standard. *Id.* Under the *Giancola* standard, the defendant must raise a "substantial question" of law and demonstrate that, if that question is determined in her favor on appeal, the result would be reversal on any counts in which prison is imposed. *Id.* at 900. A substantial question of law is "'one which is either novel, ... has not been decided by controlling precedent, or ... is fairly doubtful.'" *Id., quoting United States v. Miller*, 753 F. 2d 19, 23 (3d Cir. 1985). Interpreting the "likely to result in reversal" language of the statute, the *Giancarlo* court reasoned that this relates to the significance of the issue to the disposition of the appeal, and the issue must be integral to the merits of the conviction. *Id.* In short, a "substantial question" is, according to the Eleventh Circuit, "a 'close' question or one that could be decided the other way." *Id.* at 901.

5

Oropesa will raise on appeal the fundamental claim – which has not yet been decided by the Supreme Court or any Circuit Court of Appeals[1] – that the FACE Act cannot serve as one of the predicate "laws of the United States" enforceable through the civil rights conspiracy statute, 18 U.S.C. § 241. Oropesa raised this issue in her motion to dismiss Count One, the only count applicable to her. (Doc. # 102). *See also* (Doc. # 108) (government's response in opposition); (Doc. # 118) (Oropesa's reply); and (Doc. # 138) (government's sur-reply).[2] Under the standard of *Giancarlo,* this is a novel issue, and one that has not been decided by controlling precedent. Further, the Eleventh Circuit's resolution of this issue of law in Oropesa's favor would be fully dispositive of her conviction on the merits of Count One.[3]

---

[1] There have been only three other occasions in which the United States has invoked the FACE Act as a predicate for a prosecution for violation of 18 U.S.C. § 241: *United States v. Gallagher*, Case No. 22-cr-327 (M.D. Tenn.); *United States v. Handy*, Case No. 22-cr-96 (D.D.C.); and *United States v. Zastrow*, Case No. 23-cr-20100 (E.D. Mich.). While appeals or sentencings were pending, all the defendants convicted in those cases received Presidential Pardons earlier this year.

[2] Oropesa also raised the issue in her Rule 29 motions.

[3] Oropesa will also raise the fundamental issue of whether *Fischer v. United States*, 603 U.S. __, 144 S. Ct. 2176 (2024), and *Snyder v. United States*, 603 U.S. ___, 144 S. Ct. 1949 (2024), requires reversal of the conviction on Count One on the principle, expressed in those two cases, that it is impermissible for the government to increase the misdemeanor penalty Congress selected for a violation of the FACE Act to a sentence of up to 10 years under 18 U.S.C. § 241 for conspiring to violate the FACE Act. Oropesa invoked these newly-decided cases in her renewed motion to dismiss. (Doc. # 238). *See also* (Doc. # 244) (government's response);

WHEREFORE, defendant files her sentencing memorandum.

Respectfully submitted,

FARMER & FITZGERALD, P.A.

*/s/ Matthew Farmer*
Matthew P. Farmer, Esq.
Fla. Bar No. 0793469
800 W. De Leon St.
Tampa, FL  33606
(813) 228-0095
FAX (813) 224-0269
MattFarmer1@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 10th day of March, 2025:

AUSA Courtney Derry
Courtney.Derry @usdoj.gov

AUSA Laura-Kate Bernstein
Laura-Kate.Bernstein@usdoj.gov

Michael Maddux, Esq.
mmaddux@madduxattorneys.com

Lauren Regan, Esq.
lregan@cldc.org

Vanessa King, Esq.
vanessa@vlklegal.com

---

(Doc. # 248) (defendant's reply). This issue, too, has not been resolved by any of the Circuit Courts of Appeal.

*/s/ Matthew Farmer*
COUNSEL